Francis J. Donovan, J.
Defendant moves before trial to dismiss the information. The nub of the charge is that the defendant was receiving assistance from the Department of Public Welfare and concealed from such department outside income. The information was laid by a detective assigned to the District Attorney’s office and was predicated upon information and belief.
This is one of several cases and in each ease the information follows the same pattern and in each case the detective states *707 the sources of his information and the grounds of his belief to be records of the Department of Public Welfare and records of the employer. There is no identification or descriptiou of the particular records from which his information has been obtained nor is there any statement that he has personally examined the records.
In appraising any information the most important thing to bear in mind is the principal purpose of the information. This purpose is twofold (People v. James, 4 N Y 2d 482): 1. To apprise the defendant of the nature of the charge against him and to bar subsequent prosecution for the same offense; 2. To satisfy the Magistrate that there is sufficient legal evidence at hand to furnish reasonable ground for a belief that the crime has been committed by the defendant.
In People v. James (supra, p. 486), the court stated this fundamental purpose as follows: “ In this sense, the information, whether used as the basis for issuance of a warrant or subpoenas, or only as a pleading, has a function in addition to informing defendant of the charge against him and barring subsequent prosecution for the same offense. It exposed this defendant to the necessity of procuring bail in default of which she would be imprisoned — as indeed almost happened in this case. It is also the formal charge against defendant — the paper which institutes the prosecution against her. It is in this context that reasonable guarantees against baseless prosecutions not predicated on probable cause must be considered, and it is in that light that we believe the requirement that an information be based on competent legal evidence be observed, or that the information be supported by depositions, or that at least the sources of information and grounds of the belief be stated. It would be manifestly unjust to charge persons with crime on pure unidentifiable hearsay.”
In the latter respect the information performs a function analogous to a felony hearing. Both the information and the hearing are designed to assure that a person shall not be held to answer for a crime unless there be sufficient evidence to demonstrate reasonable ground for a belief that he committed a crime.
The mechanical problem is greater in preparing an information. The evidence is presented in written form and brevity is required in order to facilitate the processing of the multitude of charges in any court in an urban community.
Where documentary proof will be required it may be unduly burdensome and impractical to require that the documents or verified copies be annexed to the information or that the testi *708 mony preliminary to the introduction of such documents be set forth in deposition.
It may well be that such hearsay may be incorporated briefly or by reference in a deposition or in the body of the information itself. It may be sufficient to refer to such documents as the source of information and ground of belief of the person who executes the information.
For the purposes of the instant motion it is not necessary to determine the latter question. Assuming that an information may be laid on information and belief on the basis of documentary information without annexing depositions, the information must comply with the rule in People v. James (supra). It must be shown that documents exist which will constitute legal evidence. Unless the documents are specifically identified and at least briefly described, it is difficult to see how the Magistrate can form an opinion as to what the records may prove or whether they are legal evidence.
In the instant case the information not only fails to give any specific identification or description of the records, but it fails to state that the detective searched or examined the records of the Welfare Department or the employer. There is nothing, in short, in this information to indicate that he has personal knowledge of the contents of the records. His information as to this matter may be from a special memorandum or a statement by some witness as distinguished from information gleaned from a personal examination of public records or records kept in the regular course of business. The former would not be evidence admissible on a trial; the latter might be admissible.
It is the opinion of this court that an information laid on information and belief where the sources of the affiant’s information are records must: 1. Show that the affiant has personally examined the records, and ,• 2. Specifically identify and describe the records.
Unless this is done there can be no ground to believe that there is sufficient legal evidence available to justify a reasonable belief that a crime has been committed by the defendant.
In short the information in this case is based on ‘ pure unidentifiable hearsay ” as that term is used in People v. James (supra). The information is dismissed.